## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-CV-60260-DAMIAN

**GIANNA MICELI**,

     Plaintiff,

v.

**KEVIN FARQUHARSON,** *et al.*,

     Defendants.

_____/

### ORDER DENYING MOTION FOR RECUSAL, DISMISSING CASE

**THIS CAUSE** came before the Court upon Plaintiff, Gianna Miceli's, "Addendum to Suit at Common-Law with Demand for Recusal and Demand for Constitutional Compliance," filed on March 13, 2025 [ECF Nos. 5 and 6[1] (the "Motion")]. On February 13, 2025, this Court noted that Plaintiff's designated attorney, Scott Bernard, may not practice before this Court and ordered Plaintiff to "retain counsel permitted to practice before this Court and notify the Court of such, or, alternatively, file a notice of proceeding *pro se*, **no later than March 13, 2025**." ECF No. 4. The Court also warned that "[f]ailure to comply with the instant order may result in the dismissal of the Complaint without further notice." *Id.*

     Rather than file a notice of retaining proper counsel or file a notice of proceeding *pro se*, Plaintiff filed the Motion now before the Court. The Motion is replete with *ad hominem* attacks on the undersigned, meritless sovereign citizen theories,[2] and at its conclusion is

---

[1] The Clerk of Court appears to have filed the document twice, thus designating it with two separate ECF numbers.

[2] "So-called sovereign citizens believe that as 'natural humans' (or sovereigns) they are 'not

signed by "Scott Bernard, Lead Counsel" of "Brookstone Law, PLC"—whom the Court previously determined is not authorized to practice law. *See generally* Mot. The Motion also moves for the undersigned's recusal on the basis that the undersigned is now named as a Defendant in the instant case: "The conduct in question and the allegations established under the standard of reasonable-articulable suspicion are lodged against Melissa Damian, a woman who is one of the people bearing unlimited liability and without protections under any immunity afforded by the state." Mot. at 9.

Recusal on the basis of a *pro se* litigant naming the district court judge assigned to a case as a defendant in that very lawsuit is inappropriate. *See United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) ("Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal." (quoting *Phillips v. Joint Legislative Com.*, 637 F.2d 1014 (5th Cir. 1981) (Unit A))); *Redford v. Duffey*, No. 1:17-cv-580-WSD, 2017 WL 11496873, at *1 n.1 (N.D. Ga. June 8, 2017) (adopting the Magistrate

---

subject to government authority and employ various tactics in an attempt to among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'" *Young v. PNC Bank, N.A.*, No. 3:16CV298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). Courts have consistently rejected such arguments as outlandish, frivolous, and bizarre. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (observing that courts routinely reject sovereign citizen legal theories as "frivolous"). Here, Plaintiff's filings bear all the hallmarks of the sovereign citizen theory, as alluded to by the designations above. Therefore, Plaintiff is warned that, should she choose to re-file a complaint as set out herein based on "sovereign citizen" theories, such claims will be deemed frivolous and dismissed with prejudice. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (noting that a court should summarily reject arguments that a person is beyond a court's jurisdiction because he is a "sovereign citizen," "secured-party creditor," or "flesh-and-blood human being"); *see also Muhammad v. Smith*, No. 3:13-CV-760 MAD/DEP, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (observing sovereign citizen arguments have not only been rejected by the courts but also recognized as "frivolous" and "a waste of court resources," which are being "paid for by hard-earned tax dollars." (quoting *Barber v. Countrywide Home*

Judge's report and recommendation that plaintiff's action in which he named the Court as a defendant should be dismissed pursuant to 28 U.S.C. § 1915(g) because plaintiff failed to pay the filing fee after declining to recuse the Court, in part, because "'[r]ecusal in these circumstances would mean that a litigious *pro se* party such as the Plaintiff would have an effective means to manipulate and needlessly delay the judicial process.'" (quoting *Bush v. Cheatwood*, No. 1:05-cv-2923, 2005 WL 3542484, at *1 (N.D. Ga. Dec. 23, 2005) (alteration adopted)); *Cameron v. Greenhill*, 582 S.W.2d 775, 776 (Tex. 1979) ("To hold that merely naming a judge as a party would disqualify him would put power in the hands of litigants to frustrate our judicial system."). Therefore, the undersigned will not recuse herself from this case on the grounds asserted.

The Court previously warned that a failure to comply its Order "may result in the dismissal of the Complaint without further notice." ECF No. 4. Plaintiff failed to obtain an attorney licensed to practice before this Court or, alternatively, to file a notice of proceeding *pro se*, and the time for doing so has expired. Therefore, Plaintiff has failed to comply with this Court's Order, and dismissal is warranted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1] is DISMISSED WITHOUT PREJUDICE**. The Motion [**ECF Nos. 5 and 6**] is **DENIED**.

Because the Complaint is dismissed without prejudice, Plaintiff may file an amended complaint. However, any such amended pleading must conform to this Court's Orders and the applicable Federal and Local Rules, including the requirement that only attorneys admitted to practice in the Florida Bar and the Southern District of Florida may act as counsel for a party. Any amended pleading must be filed within twenty (20) days of the date

---

*Loans, Inc.*, No. 2:09-CV-40-GCM, 2010 WL 398915, at *4 (W.D.N.C. Jan. 25, 2010))).

of this Order. If an amended pleading is not filed within that time, the dismissal will be with prejudice.

In the meantime, the Clerk shall **CLOSE** this case for administrative and statistical purposes.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 17th day of March, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Gianna Miceli and Scott Bernard
1113 Range Ave., #110-109
Denham Springs, Louisiana 70726